# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD DODD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17-cv-03955-TWP-DML |
| | ) |
| DUSHAN ZATECKY individually and in his official capacity, as Superintendent for the Pendleton Correction Facility, | ) |
| DUANE ALSIP individually and in his official capacity as Assistant Superintendent of Operations for the Pendleton Correctional Facility, | ) |
| STEVE KRAUSE individually and in his official capacity as Maintenance Supervisor for the Pendleton Correctional Facility, | ) |
| NANCY SPURGEON individually and in his official capacity as the Officer in Charge and Supervisor over O dormitory at the Pendleton Correctional Facility, | ) |
| NATHAN LAGENOUR individually and in his official Capacity as the Unit Team Manager and Supervisor over O dormitory at the Pendleton Correctional Facility, | ) |
| | ) |
| Defendants. | ) |

**Entry Screening Complaint and Directing Further Proceedings**

**I. Screening of the Complaint**

Plaintiff Richard Dodd is a prisoner currently incarcerated at Westville Correctional Facility. He filed this civil action alleging that for about two years while he was incarcerated at Pendleton Correctional Facility and housed in the O-Dorm Unit, he was subjected to extreme temperature conditions which caused him pain. Specifically, he was placed in a cell with a broken window and a hot water pipe. Freezing cold air and rain (which dripped into the electrical outlet) came in through the broken window. The hot water pipe burned him. The individual defendants

Dushan Zatecky, Duane Alsip, Steve Krause, Nancy Spurgeon and Nathan Lagenour were allegedly responsible for the failure to fix these problems but took no action to resolve the problem while Mr. Dodd was housed in O-Dorm. These actions allegedly violated the Eighth Amendment.

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.

**The complaint has been screened and the Eighth Amendment claims for money damages against the defendants in their individual capabilities shall proceed as submitted.**

The claim for injunctive relief is **dismissed**, however, because Mr. Dodd is no longer at Pendleton or exposed to the conditions of which he complains. "A court's power to grant injunctive relief only survives if such relief is actually needed." *Nelson v. Miller*, 570 F.3d 868, 882–83 (7th Cir. 2009).

Any claims against the defendants in their official capacities is **dismissed.** This is because an official capacity claim against the defendant individuals as employees of the Indiana Department of Correction would in essence be against the State of Indiana. Such claims are barred by the Eleventh Amendment to the United States Constitution, and the doctrine of sovereign immunity. See *Kentucky v. Graham*, 473 U.S. 159, 165-67 and n.14 (1985) (suit for damages against state officer in official capacity is barred by the Eleventh Amendment); *see also Omosegbon v. Wells,* 335 F.3d 668, 673 (7th Cir. 2003) (the state is not a "person" that can be sued under 42 U.S.C. § 1983).

If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court he shall have **through February 13, 2017,** in which to identify those claims.

## II. Duty to Update Address

The pro se plaintiff shall report any change of address within ten (10) days of any change. The Court must be able to locate the plaintiff to communicate with him. If the plaintiff fails to keep the Court informed of his or her current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

## III. Service of Process

The clerk is designated pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Superintendent Dushan Zatecky, Assistant Superintendent Duane Alsip, Maintenance Supervisor Steve Krause, Officer in Charge of O-Dorm Nancy Spurgeon, and Unit Team Manager Nathan Lagenour in the manner specified by Rule 4(d). Process shall consist of the complaint filed on October 27, 2017, (docket 2), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The clerk is designated to serve the Indiana Department of Correction employees electronically.

**IT IS SO ORDERED.**

Date: 1/18/2018

*[signature]*
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

    RICHARD DODD
    912869
    WESTVILLE – CF
    Electronic Service Participant -- Court Only

Electronic service to:

    Superintendent Dushan Zatecky
    Assistant Superintendent Duane Alsip
    Maintenance Supervisor Steve Krause
    Officer in Charge of O-Dorm Nancy Spurgeon
    Unit Team Manager Nathan Lagenour

    (All at Pendleton Correctional Facility)